IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL HOME LOAN MORTGAGE CORPORATION,

        Plaintiff,

    v.

THOMAS LEE; and DOES 1 to 10, Inclusive,

        Defendants.
_____/

No. 2:12-cv-00867 JAM KJN PS

ORDER and FINDINGS AND RECOMMENDATIONS

Presently before the court is plaintiff's motion to remand this unlawful detainer action to the Superior Court of California for the County of El Dorado ("Superior Court") (Dkt. No. 4).[1] Defendant failed to file a written opposition or any other response to plaintiff's motion to remand. Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). Having reviewed the moving papers and record in this case, the undersigned recommends that plaintiff's motion to remand be granted and that this case be remanded to the Superior Court on the grounds that this court lacks federal subject matter

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

jurisdiction over plaintiff's unlawful detainer claim.

I.     BACKGROUND

        On January 10, 2012, plaintiff initiated a limited civil case[2] in the Superior Court by filing an unlawful detainer complaint, which noted that the "Amount Demanded Does Not Exceed $10,000.00" ("Complaint").  (Compl. at 1, attached as Ex. A to Notice of Removal; see also Withem Decl., Ex. B, Dkt. No. 4.)  Plaintiff filed its case seeking to recover possession of the subject residential property located in El Dorado Hills, California.  (Compl. ¶ 2.)

        The Complaint alleges that on or about October 24, 2011, plaintiff acquired title to the property via a Trustee's Deed following foreclosure proceedings, and that plaintiff perfected title in itself.  (Compl. ¶ 5 & Ex. A.)[3]  Plaintiff recorded a Trustee's Deed Upon Sale with the El Dorado County Recorder's office on November 2, 2011.  (Id., Ex. A.)

        Defendant appears to be the former owner of the property.  (See Compl., Ex. A; see also Demurrer to Compl. at 5, attached as Ex. B to Notice of Removal.)  Plaintiff alleges that on December 3, 2011, it provided defendant with a notice to vacate the premises and deliver possession of the property within three days.  (See Compl. ¶ 6 & Ex. B.)[4]  Plaintiff alleges that defendant failed to timely vacate and deliver possession of the property and continues to possess and occupy the property.  (Id. ¶¶ 4, 7-8.)  Through this action, plaintiff seeks: (1) restitution and possession of the subject property; (2) damages for unlawful detention at a rate of $100 per day from December 7, 2011, through the entry of judgment; and (3) costs of suit.  (Compl. at 3.)

        Defendant filed a demurrer to the Complaint in the Superior Court on February

---

[2] A limited civil action in the California Superior Courts is one where the "whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less."  See Cal. Civ. Proc. Code § 86(a)(4).

[3] The exhibits to the Complaint are not stamped or otherwise identified by the designated exhibit letter.  Using the pagination assigned by the court's electronic filing system, the Trustee's Deed Upon Sale appears in docket entry 1, at pages 16 to 17, and docket entry 4, at pages 18-19.

[4] Using the pagination assigned by the court's electronic filing system, the three-day notice to quit the premises appears in docket entry 1, at pages 14-15, and docket entry 4, at pages 22-23.

2

15, 2012, arguing that the notice to quit served by plaintiff was defective.  (See generally Demurrer, attached as Ex. B to Notice of Removal; see also Withem Decl., Ex. C.)  The Notice of Removal asserts that the demurrer was "based on a defective notice, i.e., the Notice to Occupants to Vacate Premises, failed to comply with The Protecting Tenants at Foreclosure Act [12 U.S.C. §5220]."  (Notice of Removal ¶ 8; see also id. ¶ 1.)  Plaintiff's counsel declares under penalty of perjury that the Superior Court overruled defendant's demurrer (Withem Decl. ¶ 11), and defendant filed an answer to the Complaint on March 6, 2012 (Answer, attached as Ex. B to Notice of Removal, and as Ex. D to Withem Decl.).[5]

Defendant removed this unlawful detainer action to federal court on April 4, 2012, pursuant to 28 U.S.C. § 1441(a), asserting that this court has subject matter jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1331.[6]  (Notice of Removal ¶¶ 5-6, 10.)  Defendant asserts that "[f]ederal question jurisdiction exists because Defendants' [sic] demurrer, a pleading depend [sic] on the determination of Defendants' [sic] rights and Plaintiff's duties under federal law."  (Id. ¶ 10.)  The implication of defendant's statement appears to be that defendant believes this case was removable on the basis of his defense to the unlawful detainer action premised on the adequacy of the notice to quit under the Protecting Tenants at Foreclosure Act of 2009.

On April 11, 2012, plaintiff filed its motion to remand, arguing that this court lacks subject matter jurisdiction over its single unlawful detainer claim, and that defendant's removal was untimely.[7]  As noted above, defendant failed to oppose or otherwise respond to the motion to remand.

---

[5] The Notice of Removal represents that the Superior Court "did not sustain the demurrer." (Notice of Removal ¶ 9.)

[6] The Notice of Removal does not assert that this court can exercise subject matter jurisdiction over plaintiff's unlawful detainer claim based on the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

[7] In light of the conclusion set forth below that the court lacks subject matter jurisdiction, the undersigned declines to address plaintiff's argument that defendant's removal was untimely.

II.    LEGAL STANDARDS

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert. denied, 131 S. Ct. 65 (2010). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (citation and quotation marks omitted).

Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

////

////

////

////

4

III.   DISCUSSION

In moving to remand this case, plaintiff argues that this court lacks subject matter jurisdiction over plaintiff's unlawful detainer claim.[8] Defendant's Notice of Removal asserts that removal was proper on the basis of the court's federal question jurisdiction. (See Notice of Removal ¶¶ 5-6, 10.) For the reasons that follow, the undersigned concludes that this court lacks subject matter jurisdiction over plaintiff's claim.

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091; see also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

---

[8] The undersigned notes that plaintiff's moving papers and declaration appear to contain several errors stemming from the apparent fact that the moving papers are based on forms. For example, plaintiff's memorandum of points and authorities refers to the Superior Court case as being designated as "Los Angeles Superior Court Case No. PCU20120008," despite noting in the same sentence that plaintiff filed the unlawful detainer case in the El Dorado County Superior Court. (Pl.'s Memo. of P. & A. In Supp. of Mot. to Remand at 6.) Additionally, plaintiff's memorandum and its counsel's declaration refer to a person named "Troy Rice," who has no apparent connection to this case. (See id. at 4; see also Withem Decl. ¶ 12.)

Here, plaintiff filed its Complaint in the Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint. See, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

Despite the fact that defendant failed to oppose plaintiff's motion to remand, the undersigned briefly addresses the suggestion in the Notice of Removal that this court has subject matter jurisdiction over plaintiff's claim because plaintiff's three-day notice to vacate the premises allegedly violated the Protecting Tenants At Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat. 1660 (2009) (the "Act"). (See Notice of Removal ¶¶ 8-10.) Insofar as defendant's argument is concerned, the Act provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants. See SD Coastline LP v. Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010) (unpublished).

As an initial matter, it does not appear that defendant was a bona fide tenant who resided in a foreclosed property. Instead, his demurrer admits that he is the former owner of the subject property, who was subjected to foreclosure proceedings. Accordingly, it is questionable whether the Act's 90-day notice provision even applied to defendant.

In any event, federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act. See, e.g.,

Parkland Sec., Inc. v. Carey, Civ. No. S-11-3281 GEB GGH PS, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at *2-3; Aurora Loan Servs., LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished).  Such rejection is based on the fact that an argument relying on the Act's notice provision is an attempt to premise this court's subject matter jurisdiction on a defense or a counterclaim.  An anticipated defense or counterclaim cannot establish a federal question because such a defense or counterclaim does not appear on the face of the complaint.[9]  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); accord Takeda v. Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); SD Coastline LP, 2010 WL 4809661, at *2-3 (concluding that unlawful detainer defendant's claim or defense based on the Protecting Tenants at Foreclosure Act of 2009 cannot serve as a basis for removal jurisdiction).

In short, no federal question is present on the face of plaintiff's Complaint.  Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's single claim for unlawful detainer brought pursuant to California law.

////

////

---

[9] Additionally, federal district courts have concluded that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished).

IV. CONCLUSION

As stated above, IT IS HEREBY ORDERED that plaintiff's motion to remand is submitted without a hearing, and the May 17, 2012 hearing on plaintiff's motion is VACATED.

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (Dkt. No. 4) be granted and that this matter be remanded to the Superior Court of California, County of El Dorado.

2. This case be closed and all dates vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: May 10, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE